UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH CARROLL,

    Plaintiff,

v.                                    Case No. 5:09-cv-427-OC-33GRJ

CLASS 3 SOLUTIONS, INC., and
PETER FIGLOW,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Notice of Settlement (Doc. # 11), which was filed on January 11, 2010. The notice indicates that the parties have reached a settlement. The Notice does not state the settlement amount or the attorney's fees involved. As Plaintiff seeks relief under the Fair Labor Standards Act, additional information is needed before this Court can dispose of this case.

**Analysis**

Plaintiff, a construction worker, filed his complaint against Defendants on September 23, 2009 (Doc. # 1), alleging that Defendants failed to pay overtime compensation.

The Eleventh Circuit ruled in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982): "Congress made the FLSA's terms mandatory . . . FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative

policies it was designed to effectuate." (Internal citations omitted).

In Lynn's Food Store, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations. Pursuant to the settlement agreements, the employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed. Specifically, the employer offered only $1,000.00 to be divided between fourteen employees. The employees were not represented by counsel, and it was clear that the employees were not fairly compensated. Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims. (Citations omitted).

Thus, a compromise of an employee's FLSA rights through a settlement of a lawsuit is subject to judicial scrutiny. Id.

The parties have yet to advise the Court of the terms of the settlement, including whether Plaintiff was fully compensated for his hours worked, including overtime.

2

Accordingly, within twenty days of the date of this Order, the parties shall file a motion for approval of the settlement of this case consistent with the authorities outlined above. The parties are advised that this Court will not accept a generic motion devoid of relevant information about the settlement at issue. The motion for approval of the settlement shall contain specific information, including information about attorney's fees, to allow for meaningful Court review.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

The parties shall file a detailed and specific motion for court approval of the settlement of this Fair Labor Standards Act case within twenty days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of January 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record